# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

---

UNITED STATES OF AMERICA

v.                                     No. 25 CR 608

RAY COLLINS

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act of 1984,18 U.S.C. § 3141 et seq., a detention hearing was held in this case pursuant to 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. This order is a summary of the Court's findings of fact and conclusions of law stated more fully on the record during that hearing. **In the event that the defendant seeks review of this order of detention, the defendant must provide a transcript of the Court's oral ruling to the reviewing court along with this order.**

### PART I -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

☐ **A. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Previous violator): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption exists because the following conditions are met:

(1) the defendant is charged in a case that involves:

(a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(b) an offense for which the maximum sentence is life imprisonment or death;

(c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46; or

(d) any felony if the person has been convicted of two or more offenses described in paragraphs (1)(a)-(c) above, or two or more state or local offenses that would have been offenses described in paragraphs (1)(a)-(c) if federal jurisdiction had existed, or a combination thereof; and

(2) the defendant has been convicted of a Federal offense that is described in subparagraph c paragraph (1)(a) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed; or

(3) the offense described in subparagraph (1)(a) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

(4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in subparagraph (1)(a) above, whichever is later.

☐ **B. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Narcotics, firearm, other offenses): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

☐ (2) an offense under 18 U.S.C. § 924(c), 956(a), or 2332(b);

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ (4) an offense involving a minor victim under 18 U.S.C. 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☐ The defendant has not rebutted the presumption.

☐ The defendant has rebutted the presumption.

☒ **C. Section 3142(g) Analysis:** The Court considered the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of the offense charged; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Based upon the information presented and the factors considered, the Court has determined that the defendant must be detained pending trial because:

☒ The government has proved by clear and convincing evidence that the defendant is a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.

☐ The government has proved by a preponderance of the evidence that there is a serious risk that the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.

The Court provided its analysis of the Section 3142(g) factors and detailed findings in open court at the conclusion of the detention hearing. The reasons for detention include, without limitation, the following:

☐ Lack of stable employment

☐ Prior criminal history

☐ Lack of significant community or family ties in the Northern District of Illinois

☐ Existence of significant family or other ties outside the United States

☐ History of alcohol or substance abuse

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Facing lengthy period of incarceration if convicted

☐ Facing deportation after serving any period of incarceration

☐ Past use of alias names

☑ Weight of evidence against the defendant is strong

☑ History of violence or use of weapons

☐ Engaged in criminal activity while on probation, parole, or supervision

OTHER REASONS OR FURTHER EXPLANATION:

The Court finds that the government met its burden of showing, by clear and convincing evidence, that no release condition or set of conditions will reasonably assure community safety. The Court held the detention immediately on defendant's motion and the government's agreement, so no Pretrial Services report was prepared or addressed issues such as employment stability, personal background, criminal history, and other factors that might normally be considered as part of the record at the detention hearing. It would be disingenuous for the Court to say that it had no information about defendant's lack of criminal history, as the Court asked that question during consultation with Pretrial Services. But the point of mentioning it in this order is that those factors technically had not yet been included in the record, given the immediacy of the hearing, and therefore would be available on a motion by the defense to re-open or reconsider detention based on information not available at the detention hearing. Instead of the usually through PTS investigation, the court had before it only the complaint, i.e., the nature and circumstances of the offense. The Court considered that Section 3142(g) factor as well as the fourth factor, the risks that release would pose to community safety. Weight of the evidence was a neutral factor here. Personal history and characteristics also were a neutral factor, in the absence of a proper record of them. The Court's impression, as stated at the hearing, was that defendant or a reviewing court might have an opportunity to take account of a more fulsome record, either on a renewed motion or a revocation motion, which now has been filed (D.E. 4). In any event, the Court's detention finding was an extremely close call in which the Court struggled with the notion that anyone would carry a loaded firearm to a protest surrounded by heavily armed ICE agents, particularly given ICE's recent history of aggressive enforcement tactics while heavily armed. Bringing a handgun to that location in that setting at this time and place, no matter how lawful ordinary possession of the handgun was, and no matter how valid his self-defense motives for possessing the firearm lawfully in his home neighborhood, injected an unnecessary and dangerous element into the Broadview protest at a government facility and ran the risk that the firearm might have been seen or might have thus triggered a law enforcement response that could well have involved firearms, creating risk to everyone there. The Court expressed a concern at the hearing about defendant's judgment not only in bringing the firearm to the location, but also in charging (as the government alleged; he says he "ran toward" them) toward them, while carrying the firearm (in a concealed fashion, rather than brandishing or wielding it) as they were taking his wife or domestic partner into custody, in his view, violently. In other words, he conceded at the hearing that he engaged the agents in a physical confrontation while armed with a firearm. Interposing himself into her arrest, if proved, was not only unlawful, but dangerous, considering the firearm. And that is why the Court ruled as it did. That said, defense counsel made several good points, including that the government has seized the firearm, and that his ability to obtain another one is, at best, speculative. And so might someone characterize the Court's deep concern that defendant might appear, if released, at a future protest with a firearm, or, that his extremely poor judgment in this instance could subject the community to undue risk were he to be released. The Court's ruling today was difficult and somewhat conflicted. A more typical detention hearing, done with the benefit of the usual background and analysis of PTS, might well have contributed to a more detailed discussion, at the hearing, of possibly sufficient conditions. That discussion did not occur. And the ruling was what it was: A conclusion that bringing a loaded firearm to this protest is unfathomable. No one should believe that walking into a protest armed with a firearm is a safe act, any more than would the act of walking into a state capitol building carrying long guns during an active session. The lawful possession of a firearm does render the carrying of it into a volatile or sensitive situation a safe act. The carrying of firearms to events like these needs to stop. That said, the burden of "clear and convincing" evidence on the community safety prong is high, and judicial decisions that the government met it based on a defendant's admittedly poor judgment are rare. Also, the Court's ruling is not in accord with the release recommendation of PTS. For the foregoing reasons, the Court granted the detention motion and remanded the defendant to U.S. Marshals' custody pending further order of court.

## PART II -- DIRECTIONS REGARDING DETENTION

The defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**PART III -- APPEALS AND THIRD PARTY RELEASE**

    IT IS ORDERED that should the defendant appeal this detention order, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

    IT IS FURTHER ORDERED that if the defendant seeks to be released to a third party, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE: September 29, 2025

                                                                              United States Magistrate Judge